# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AMY BURGHER,<br><br>                    Plaintiff,<br><br>v.<br><br>WISCONSIN LOTTERY,<br><br>                    Defendant. | Case No. 24-CV-1141-JPS<br><br><br>**ORDER** |

## 1.    INTRODUCTION

On September 9, 2024, Plaintiff Amy Burgher ("Plaintiff"), proceeding pro se, filed this action against the Wisconsin Lottery. ECF No. 1. She also paid the filing fee. Docket notation to ECF No. 1. This Order screens Plaintiff's complaint and dismisses it for lack of subject matter jurisdiction.

## 2.    SCREENING STANDARD

"[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997)). The purpose of such screening is to identify claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ." (citing

*Rowe*, 196 F.3d at 783)). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v.*

*Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Separately, the Court must examine whether it has subject matter jurisdiction over the claim(s) on which a pro se litigant intends to proceed— "not only may the federal courts police subject matter jurisdiction *sua sponte*, they must." *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) and *United States v. Smith*, 992 F.2d 98, 99 (7th Cir. 1993)). This is because "[j]urisdiction is the 'power to declare law,' and without it the federal courts cannot proceed." *Id.* (quoting *Ruhrgas*, 526 U.S. at 577). Accordingly, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Hoskins*, 320 F.3d at 763 ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

3.    FACTUAL ALLEGATIONS

On April 4, 2024, Plaintiff bought five tickets, worth a total of ten dollars, for the Powerball drawing scheduled to take place on April 6, 2024. ECF No. 1 at 2, 5. That drawing had a prize of $1.3 billion. *Id.* at 3. When the time for the drawing arrived, the Wisconsin Lottery announced to the public that a procedural glitch had occurred and that the Powerball and other lottery drawings would be delayed. *Id.* Plaintiff alleges that the Wisconsin Lottery had notice of the possibility for such a glitch due to a

similar occurrence in Minnesota in November 2022, when the Powerball prize was $2.04 billion. *Id.* at 3–4 ("This so called procedural glitch should [have] been fixed the first time it happened[.]"). The drawing eventually took place at about 3:00 a.m. the following day, April 7, 2024. *Id.* at 4.

Plaintiff believes that, because of this procedural glitch, her "fair chance of winning the Powerball lottery was deliberately" and with malicious intent "tampered with," and she suggests that she may have won the $1.3 billion prize if the drawing had occurred as scheduled on April 6, 2024. *Id.* ("[W]ho's to say the winning Powerball numbers wouldn't [have] been drawn at the scheduled day and time[?]"). Accordingly, she asserts that she is entitled to the full $1.3 billion payout of the Powerball drawing in damages, or alternatively, a settlement amount of $100 million. *Id.* at 6. She also alleges that her tickets were "worthless" for the April 7, 2024 drawing and therefore that the Wisconsin Lottery stole from her the ten dollars she spent on them. *Id.* at 5. In addition to damages, she seeks equitable relief in the form of the Wisconsin Lottery "be[ing] made to assure that no more so called procedural glitches occur again during a lottery drawing." *Id.* at 6.

Plaintiff invokes the Court's federal-question subject matter jurisdiction, *id.* at 6, but she mainly references sources of state law as providing her causes of action. *Id.* at 4 ("[Due] to the [Wisconsin] Lottery's negligence . . . "); *id.* ("[T]he [Wisconsin] Lottery didn't uphold the rules and regulations that[] [are] governed by the Wisconsin Constitution and Wisconsin Statute."); *id.* at 5 (referencing theft).

4.     **ANALYSIS**

Plaintiff cannot proceed in this case because the Court lacks subject matter jurisdiction over the claims raised in her complaint. As the

Case 2:24-cv-01141-JPS     Filed 09/16/24     Page 4 of 7     Document 3

complaint form makes clear, *id.* at 6, a party may proceed in federal court in two circumstances: first, if she raises a claim arising under the federal Constitution or federal law, 28 U.S.C. § 1331, or second, if she raises a claim under state law where the plaintiff and defendant are from different states and the amount of money sought in the lawsuit exceeds $75,000, 28 U.S.C. § 1332(a).

Although she indicated that she was attempting to proceed on federal-question jurisdiction, Plaintiff's complaint does not raise a federal claim. The Due Process Clause of the Fourteenth Amendment prevents states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "A plaintiff [asserting a substantive due process claim] must allege that the government violated a fundamental right or liberty . . . [a]nd that violation must have been arbitrary and irrational." *Campos v. Cook County*, 932 F.3d 972, 975 (7th Cir. 2019) (collecting cases). There is no fundamental right to or interest in playing—let alone winning—the lottery. *See Hatch v. Sharp*, 919 F.2d 1266, 1270 (7th Cir. 1990) (finding that prisoner had no state-created liberty interest in playing lottery). For the same reason, to the extent Plaintiff challenges the *process* that the Wisconsin Lottery employed when it held the Powerball drawing in the early hours of April 7 instead of as scheduled on April 6, she also cannot state a procedural due process claim. *Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008) ("To state a procedural due-process claim, a plaintiff must allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding

that deprivation." (citing *Doherty v. City of Chicago,* 75 F.3d 318, 322 (7th Cir. 1996))).[1]

Plaintiff affirmatively alleges that both she and the Wisconsin Lottery are citizens of Wisconsin. ECF No. 1 at 1–2. Therefore, whatever state-law theories of liability Plaintiff proceeds on, the Court cannot hear her case on diversity subject matter jurisdiction.

Because the Court has determined that it lacks subject matter jurisdiction, it must dismiss this case. Fed. R. Civ. P. 12(h)(3). Although normally a party is given leave to attempt to amend his or her complaint to cure pleading deficiencies, the Court need not give such leave when "any amendment would be futile or otherwise unwarranted." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). Here, amendment would be unwarranted because (1) any Due Process claim that Plaintiff might be trying to invoke fails as a matter of law because Plaintiff has no liberty interest at stake, and the Court is unaware of any other federal cause of action or legal theory on which she can proceed, and (2) she cannot cure the lack of diversity jurisdiction by amending her complaint.

**5.      CONCLUSION**

For the reasons stated herein, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's complaint and must dismiss this case. The dismissal will operate without prejudice. *Lauderdale-El v. Ind.*

---

[1]Indeed, Plaintiff's claim is probably best understood as a contract claim, which arises under state law. *See Rasche v. Lane*, 150 F. Supp. 3d 934, 944 (N.D. Ill. 2015) (rejecting plaintiffs' attempt to style a claim that "they purchased winning lottery tickets and are entitled to payment under the state's lottery rules, but that the state has breached its part of the agreement by failing to remit payment" as a procedural due process claim).

*Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022) (citing *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 639 (7th Cir. 2021)).

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of September, 2024.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

---

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.